IIN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN NANNI,                                    )
411 Winterberry Drive,                         )
Middletown, DE  19709-8681,                    )
*an individual*,                               )        Case No.: 1:15-CV-2570-WMN
                                               )
          Plaintiff,                           )
                                               )
v.                                             )
                                               )
ABERDEEN MARKETPLACE, INC.                     )
9627 Philadelphia Road, Suite 100,             )
Baltimore, MD 21237,                           )
*A Maryland Corporation,*                      )
                                               )
          Defendant.                           )


## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff JOHN NANNI, by and through its undersigned counsel, hereby files this responsive Memorandum of Law in Opposition to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint [Dkt. No. 7] (hereinafter "Defendant's Motion").   For the reasons explained herein, Defendant's Motion should be denied.

## I.       BACKGROUND

1.      Mr. Nanni is a resident of Delaware[1].  First Amended Compl. ("FAC"), at ¶ 3. [Dkt. No. 5].

2.       Mr. Nanni suffers from suffers from Post-Polio Syndrome. MR. NANNI can only walk a very limited distance each day, and is otherwise confined to a wheelchair.  FAC at ¶¶ 4-5.

---

[1] Specifically, Mr. Nanni resides in Middletown, Delaware.

Due to his disability, he is substantially impaired in several major life activities including walking and standing, and requires a wheelchair for mobility.  Id.  Consequently, the architectural barriers to access located at Defendant's Property pose a substantial threat to his safety and prevent his full and equal access to the Property.

3.      Despite his residence in Delaware, Plaintiff frequently travels to Maryland to attend sporting events, to visit with family and relatives, and due to his role as a rotary PolioPlus ambassador/District 7630 chair.  Id. at ¶ 10.

4.      During his trips to Maryland, Plaintiff has visited Defendant's Property (approximately 40 miles from Plaintiff's residence), a large shopping center known as Aberdeen Marketplace Shopping Center located at 1010 Beards Hill Road, Aberdeen, Maryland 21001, at least 3-4 times since 2013 with his most recent visit in early June 2015.  Id. at ¶ 10.

5.      During his trips to Defendant's Property, Plaintiff encountered barriers to access there.  Id. at ¶¶ 11, 14.  Specifically, Mr. Nanni encountered parking spaces, curb ramps and routes that were not wheelchair accessible to him.  Id. at ¶ 14.

6.      Mr. Nanni enjoys visiting and taking breaks in Aberdeen, Maryland as he often travels to Baltimore and is required to take breaks due to his condition.  Id. at ¶10. Consequently, Plaintiff intends to visit Defendant's Property 2-3 times a year. Id. at ¶10.

7.      Furthermore, Mr. Nanni has specific plans to visit Defendant's Property this month when he travels to Baltimore. Id. at ¶¶ 10, 13.

9.      Due to the discrimination he encountered during visits to Defendant's Property, Mr. Nanni filed the instant action, alleging that Defendant violated Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12181, et seq. due to its inaccessible parking, curb ramps, and routes.  FAC at ¶¶ 13, 14.

10.     After receipt of Defendant's first Motion to Dismiss, Plaintiff filed his Amended Complaint to clarify numerous allegations that Defendant argued were unclear in its Motion. See generally, FAC.

11.     For instance, the FAC clarified details regarding the number of visits Mr. Nanni made to the Defendant's Property prior to filing suit, when his last visit was to the Property, when he expects to visit the Property next, and how often he expects to visit the Property after that visit. Id. at ¶¶ 10-14.  He also described how the barriers personally affected him during his visits. Id. at ¶ 14.

12.     The FAC also expounded upon the reasons why Plaintiff initially visited the Property and why he intends to return to the Property in December 2015 and beyond. Specifically, because Defendant's Property provides the perfect resting spot for Plaintiff's frequent travels to Baltimore to visit with family and friends, attend sporting events, and due to his role as a rotary PolioPlus Ambassador.   Id. at ¶ 10.  Plaintiff further clarified that his disability requires him to take stops and rests when he drives, and Aberdeen is the perfect place for him on his frequent drives to Baltimore. Id.

13.     Finally, Mr. Nanni intends to return to the Defendant's Property as an ADA tester to determine whether the barriers to access have been removed.  Id. at ¶ 10.

14.     Notwithstanding Defendant's naked assertions to the contrary based purely on geography, these factual clarifications paint a crystal clear picture that Mr. Nanni's intent to return to the Defendant's Property is genuine.

15.     Despite this clarification, Defendant filed a nearly identical Motion to Dismiss Plaintiff's Amended Complaint on November 19, 2015, again challenging Plaintiff's standing on jurisdictional grounds under Fed. R. Civ. P. Rule 12(b)(1) and 12(b)(6).   See generally

Defendant's Motion.  [Dkt. No. 7]; see also Defendant's Brief in Support of Motion [Dkt. No. 7-1] (hereinafter referred to as "Defendant's Brief").

16.     Tellingly, none of Defendant's pleadings or motions deny that the Property contains discriminatory barriers to access.

17.     Instead, Defendant's Motion largely relies on two district court cases that are not only clearly distinguishable from the facts in this case but actually help to establish standing for Plaintiff in this case.

## II.     STANDARD  OF REVIEW

To survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a complaint must allege "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "The District Court must accept the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir.2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S.Ct. 1937.  In short, a motion to dismiss should be granted if a party does not allege facts which could, if established at trial, entitle him to relief. See Fowler, 578 F.3d at 211.

Additionally, as noted in Defendant's Brief, courts must "assume the truthfulness of the facts alleged" in the complaint.  Defendant's Brief at 3 citing Kerns v. United States, 585 F. 3d 187, 193 (4th Cir. 2009). As demonstrated herein, Plaintiff's First Amended Complaint easily surpasses the requirements under Rule 12(b)(6), Rule 12(b)(1) and the relevant case law.

## III.     STANDING

### A.  Plaintiff Has Demonstrated Standing to Bring this Action

Parties seeking injunctive relief under the Americans with Disabilities Act "ADA" must meet the irreducible, constitutional standing under Article III, Section 2 of the United States Constitution. "[T]o satisfy Article Ill's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc., 528 U.S. 167, 180–81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) (*citing* Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)); see also Doe v. Nat'l Bd. of Med. Examiners, 210 Fed.Appx. 157, 159 (3d Cir.2006).   "The party invoking federal jurisdiction bears the burden of establishing these elements." Lujan, 504 U.S. at 561, 112 S.Ct. 2130. Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation. Id.

In the instant litigation, which is at the early pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss the Court must "presum[e] that general allegations embrace those specific facts that are necessary to support the claim." Lujan, 504 U.S. at 561, 112 S.Ct. 2130. "Once a disabled individual has encountered or become aware of alleged ADA violations that deter his patronage of or otherwise interfere with his access to a place of public accommodation, he has already suffered an injury in fact traceable to the defendant's conduct and capable of being redressed by the courts, and so he

possesses standing under Article III to bring his claim for injunctive relief forward." <u>See</u> <u>Doran v. 7-Eleven, Inc.</u>, 524 F.3d 1034, 1042 n5 (9th Cir. 2008) *citing* <u>Lujan</u>, 504 U.S. at 560-61.

Here, Plaintiff properly demonstrates an injury-in-fact because he alleged that he visited Defendant's Property on 3-4 separate occasions and encountered difficulty accessing the Property due to the discriminatory barriers discussed in the First Amended Complaint such as sloped parking spaces, steep curb ramps and sloped routes throughout the Property. <u>See</u> FAC ¶ 14. Additionally, Plaintiff has clearly articulated the reasons why he intends to return to the Property, that he intends to return to the Property this month, and that he intends to visit the Property 2-3 times a year. <u>Id</u>. at ¶¶ 10,13. Despite these clear factual statements, and without the benefit of discovery at this early pleading stage, Defendant bases its motion purely on geography and unsupported theories to claim that Plaintiff is not likely to return to the Defendant's Property. <u>See</u> Defendant's Motion at 7,8.

**B. <u>Plaintiff has standing under Title III of the ADA</u>**

"To meet the minimum constitutional requirements for standing, a plaintiff must establish three elements: (1) that the plaintiff has sustained an injury in fact; (2) that the injury is traceable to the defendants' actions; and (3) that the injury likely can be redressed by a favorable judicial decision." <u>Daniels v. Arcade, L.P.</u>, 477 Fed. Appx. 125, 128 (4th Cir. 2012) (citing <u>Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.</u>, 629 F.3d 387, 396 (4th Cir. 2011)). In an ADA case, the first two prongs are met where a disabled plaintiff visits a property owned, leased, or operated by a defendant and encounters difficulty due to architectural barriers. <u>Id</u>. at 129, 131-132. To satisfy the third prong, "[a] plaintiff can establish the threat of repeated injury in the future 'either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility.'" <u>Arnold v. Kraf, Inc.</u>, No. 2:12-cv-00304, 2012

WL 2131894 at *1 (D. Ariz. 2012) (quoting Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 944 (9th Cir. 2011)).

In the instant case, Plaintiff pleads that he is disabled and requires a wheelchair for mobility, that Defendant owns, leases and/or operates the Property, that he visited Defendant's Property, a place of public accommodation, that he encountered barriers to access there, and that he plans to return to the Property in December 2015, both as a patron and as an ADA tester to determine whether the Property has been brought into compliance. FAC at ¶¶ 4-6, 9-14, 19. Plaintiff additionally alleges a further intention to visit the Property 2-3 times a year. Id. at ¶ 10. Tellingly, Defendant's Brief does not dispute that its Property contains discriminatory barriers, and instead attempts to redirect the Court's focus on geography by arguing since Plaintiff lives forty miles away, he does not have standing. However, if this Court applies the appropriate legal standard and accepts all well pleaded factual allegations (and reasonable inferences derived therefrom) as true, as it must at this stage, Defendant's Motion to Dismiss must be denied.

### C.  Plaintiff Has Alleged Sufficient Facts to Indicate a Threat of Future Injury.

The Fourth Circuit has already expressly recognized that allegations substantially similar to those of Plaintiff's survive a Motion to Dismiss. Regarding standing, the Fourth Circuit has held in an ADA case that "[a]t the pleading stage, general factual allegations concerning the plaintiff's injury are sufficient because, in evaluating a motion to dismiss, courts 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" Daniels, 477 Fed.Appx. at 129 (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)). In Daniels, the Court found that allegations by an ADA plaintiff that he "visited the [property] and encountered [various barriers] himself" adequately pled an "injury [that] is 'actual' or 'concrete', rather than theoretical." Id. at 129. Further, "the injury is 'particularized'

because the injury affected [the ADA plaintiff] 'in a personal and individual way.'" <u>Id</u>. (quoting

<u>Lujan</u>, 504 U.S. at 561 n. 1).  Similarly here, Plaintiff pled that he visited Defendant's property

and personally encountered specific barriers.  FAC at ¶ 14.

Regarding the intent to return, the Fourth Circuit in <u>Daniels</u> stated as follows:

> Although we agree with the district court that Daniels was
> required to state a plausible allegation that there is a
> likelihood that he will suffer future harm, we disagree with
> the district court's conclusion that Daniels' allegations are
> insufficient.  Daniels alleged that he "intends to continue to
> visit the [Market] in the future for his shopping needs."  We
> must accept this allegation as true for purposes of the motion
> to dismiss, and we deem the allegation plausible because
> Daniels resides in relatively close proximity to the Market.

<u>Id</u>. at 130.  Further, the Court rejected the argument that a plaintiff need to provide "a more

specific time at which he intends to visit the [property] in the future," noting that there was "no

precedent in this Circuit that requires the degree of specificity to survive a motion to dismiss[.]"

<u>Id</u>.

Here, Plaintiff has pled with even more specificity than the plaintiff in <u>Daniels</u>.  Plaintiff

has pled that he intends to visit the Property this month and 2-3 times a year after that visit.  FAC

at ¶ 10.  Further, Plaintiff pled that the Defendant's Property is the perfect place for him to take a

rest (which his disability requires) on his frequent trips to Baltimore, Maryland, and he has

already been to the Property 3-4 times.  <u>Id</u>.  Consequently, based on these allegations,

plausibility exists that Plaintiff will return to Defendant's Property and its motion to dismiss

should be denied.

Similarly, most courts around the nation have taken a broad view when reviewing a

plaintiff's professed "intent to return."  <u>See</u> <u>Pickern v. Holiday Quality Foods Inc.</u>, 293 F.3d

1133, 1138 (9th Cir.2002).  In <u>Camarillo v. Carrols Corp.</u>, 518 F.3d 153, 158 (2d Cir. 2008), the

court stated that in order to demonstrate imminent future injury, a plaintiff must demonstrate that he or she "plausibly intends to return to the place of discrimination." Id. The court in Pickern held that plausibility was present, despite plaintiff residing 70 miles from defendant's facility, because he visited his grandmother in the area. Pickern, 293 F.3d at 1138; see also Stevens v. Premier Cruises, Inc., 215 F.3d 1237 (11th Cir. 2000) (holding that an allegation that plaintiff would take a cruise in the very near future as sufficient to cure standing in the original complaint); D'Lil v. Stardust Vacation Club, No. Civ-S-00-1496, 2001 WL 1825832, at *4 (E.D. Cal. Dec 21, 2001) (plaintiff demonstrated imminent future injury because she had a history of travel to the area); Access Now, Inc. v. South Florida Stadium Corp., 161 F. Supp. 2d 1357, 1364 (S.D. Fla. 2001) (plaintiff who testified that he would return to stadium, particularly if the alleged barriers were removed, had standing); Ass'n for Disabled Americans v. Claypool Holdings, No. IP00-0344-C-T/G, 2001 WL 1112109, at *20 (S.D. Ind. Aug. 6, 2001) (plaintiff had standing who "expressed a desire to stay overnight at the Embassy Suites on future visits to Indianapolis if the hotel were ADA compliant" and who presented evidence that he traveled to Indianapolis at least once a year). In the case at bar, Plaintiff has stated a plausible intent to revisit the Defendant's Property.

Specifically, Mr. Nanni has been to the Property 3-4 times, he has plans to return to Defendant's Property this month, and he intends to visit the Property 2-3 times after that visit. FAC at ¶¶ 10. Additionally, the Defendant's Property is the perfect resting point, which Plaintiff's condition requires, for Plaintiff's frequent drives to Baltimore, Maryland. Id. at ¶¶ 13, 14, 17. Finally, independent of his intent to return as a patron, Mr. Nanni also intends to return to the Defendant's Property as a tester to determine whether the barriers to access have been remediated. Id. at ¶ 19.

**D.      Defendant's relied upon cases actually help establish Plaintiff's Standing.**

Defendant's Motion cites National Alliance for Accessibility, Inc v. CMG Bethesda Owner LLC, 2012 WL 6108244 (D. Md. 2012) and arguing that since Plaintiff lives 40 miles away, he is required to plead a specific time when he expects to return to the Property.  See generally, Defendant's Brief at 7.   However, Defendant curiously fails to note that Plaintiff actually alleged that he was returning to the Property this month and that he would return to the Property 2-3 times a year after that visit.  FAC ¶10.  In National Alliance, this Court held that the plaintiff lacked standing to bring an ADA action because she failed to allege a general intent to return to defendant's hotel and only alleged a specific date that she intended to go back (a date that had already passed when the Court made its ruling). National Alliance, 2012 WL 6108244 at *5,6.  The Court reasoned that since the specific date the plaintiff alleged to return had passed and she had NOT alleged a general intent to return, she no longer faced a real and immediate thread of harm after that date.  Id. at 5. Conversely, in the case at hand, Plaintiff specifically alleges that he is returning to the Property this month and that he intends to return to Defendant's Property 2-3 times a year after that visit.  FAC at 10,13.  The Court in National Alliance also held that even though the plaintiff in that case only visited the property once and was from Florida while the defendant's property was in Bethesda, Maryland, the significant distance between plaintiff and defendant and the sole visit did not negate plaintiff's right to seek an injunction.  Here, the Plaintiff not only lives just 40 miles away and visited the Property multiple times, but he also clearly alleged his reasons for visiting Defendant's Property.  Consequently, based on the reasoning in National Alliance, the Court should deny Defendant's Motion to Dismiss.

Similarly in <u>Payne v. Sears, Roebuck & Co.</u>, 2012 WL 1965389 (D. N.C. 2012), a North Carolina case Defendant relies on, the facts are clearly distinguishable from the case at hand. Moreover the four factor test which looks at proximity, past patronage, definitiveness of plans to return, and frequency of travel used by the North Carolina court in its analysis in granting defendant's motion to dismiss due to lack of standing has been rejected by the Fourth circuit and by the District Courts in Maryland.   Indeed, the Fourth Circuit stated, "[the] use of this type of analysis in some cases…overly and unnecessarily complicates the issue at hand." <u>National Alliance v. CMG Bethesda</u> 2012 WL 6108244 *3 citing <u>Daniels v. Arcade, L.P.</u>, 477 F. App'x 125, 129 (4ᵗʰ Cir. 2012).

In applying the four factor test the court in North Carolina in <u>Payne</u> focused on the following facts in granting defendant's motion to dismiss based on lack of standing: the plaintiff resided in Florida and defendant's property was located in North Carolina, the plaintiff had only been to the property twice, and the plaintiff did not have specific plans to visit the property until after the complaint was filed.  <u>Payne v. Sears, Roebuck & Co.</u>, 2012 WL 1965389 at *4-6 (D. N.C. 2012)  Conversely, in the case at hand, Plaintiff lives only 40 miles from Defendant's Property, he has been to the Property 3-4 times, and he has specific plans to go to the Property this month and 2-3 times a year after that visit.  FAC at ¶10.  Clearly, these facts are different than <u>Payne</u> and even under an analysis expressed rejected by the Fourth Circuit, Plaintiff has standing and Defendant's Motion to Dismiss should be denied.  Moreover the court in <u>Payne</u> only focused on plaintiff's "preference" for defendant's property because she had only visited the property twice and thus the court could not determine whether plaintiff had a preference for the property based on her limited number of visits.  <u>Payne v. Sears, Roebuck & Co.</u>, 2012 WL 1965389 at *5 (D. N.C. 2012)  Conversely, Plaintiff Nanni has been to the Defendant's Property

3-4 times and has also alleged to returning 2-3 times a year, which clearly establishes his preference for the Property.  Consequently, even under the test rejected by this Court and the Fourth Circuit, Plaintiff has standing and Defendant's Motion to Dismiss should be denied.

## III. PLAINTIFF'S COMPLAINT SATISFIES THE NOTICE PLEADING REQUIRMENTS OF FED. R. CIV. P. 8(a).

Defendant also argues that Plaintiff has not properly pled his ADA claim because the facts in the Amended Complaint are too general and do not specifically explain how his allegations amount to a legal violation.  However, under the "notice pleading" system, the Complaint must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (*quoting* Conley v. Gibson, 355 U.S. 41, 47 (1957));  see also Hodgson v. Virginia Baptist Hospital Inc., 482 F.2d 821, 824 (4th Cir. 1973); Chao v. Rivendell Woods, Inc., 415 F.3d 342, 349 (4th Cir. 2005) (holding that complaint does not need to "make a case" against a defendant but rather the sufficiency of a complaint depends on whether it provides enough information for defendant to prepare a defense).  The facts undergirding the claim do not generally need to be pleaded; they will be flushed out later through discovery.  See Swierkiewicz, 534 U.S. at 512-13 (noting simplified notice pleading relies on liberal discovery rules for laying out the facts of the case).  The allegations in Plaintiff's Amended Complaint state a cause of action against Defendant by providing a "short and plain statement of the claim showing that [he] is entitled to relief," thereby providing Defendant fair notice of Plaintiff's claims and the grounds upon which they rest.  Fed. R. Civ. P. 8(a)(2).

Similarly, a district court in Virginia faced a similar argument to the case at bar and denied defendant's motion for more definite statement, stating:

The [c]ourt finds that Plaintiff's complaint contains a sufficient statement of [p]laintiff's claims to allow [d]efendants to draft a response.   The complaint is not vague or unintelligible so as to deprive [d]efendants of notice of the claims asserted by the [p]laintiff.   Plaintiff has alleged sufficient specific facts related to the barriers of access encountered by the [p]lainitff for the [d]efendants to admit or deny each allegation contained in the complaint.   The information sought by the Defendants can properly be sought through the discovery process.   See, Walden v. City Center at Oyster Point I, LLC, 4:10-cv-00152 (E.D. VA. 2011) (Dkt 15).

 In fact, Plaintiff's Amended Complaint in this matter goes further than City Center at Oyster Point I, LLC and alleges barriers to access at Defendant's Property that Plaintiff personally encountered and/or personally observed including issues with parking, routes, ramps, and curb ramps. See City Center at Oyster Point I, LLC,  4:10-cv-00152 (E.D. VA. 2011) (Dkt 1) and Plaintiff's FAC ¶14.  Specifically, Plaintiff alleged:

     A.      Plaintiff encountered inaccessible parking designated for disabled use throughout the property due to excessive slopes, pavement in disrepair and lack of proper access aisles, which caused him difficulty exiting and entering his vehicle because of the extra care needed to avoid a fall;

     B.      Plaintiff encountered inaccessible curb ramps due to excessive slopes, steep side flares, failure to provide smooth transitions, and pavement in disrepair, which caused him difficulty due to the extra care needed to traverse the ramps;

     C.      Plaintiff encountered a dangerous sidewalk ramp due to excessive running slopes which caused him difficulty due to the extra care needed to traverse it; and

     D.      Plaintiff encountered inaccessible routes throughout the Property due to excessive slopes and pavement in disrepair, which caused him difficulty due to the extra care needed to maneuver throughout the Property.  FAC ¶14.

Consequently, Plaintiff has successfully established his cause of action in the matter and Defendant's motion should be denied

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that Defendant's Motion to Dismiss be DENIED.  In the alternative, Plaintiff requests that he be permitted leave to amend his pleading.

Dated:  December 7, 2015

Respectfully Submitted,


KU & MUSSMAN, P.A.
6001 NW 153rd Street Suite 100
Miami Lakes, Florida 33014
Tel: (305) 891-1322
Fax: (305) 891-4512
*Attorneys for Plaintiff*

*/s/ Robert King*
Robert King, Esq. (MD 07156)
King & Silverman Attorneys at Law
5707 East West Highway
Riverdale, MD 20737
Tel: (301) 699-3100
Fax: (301) 864-7825
bobking@silverkinglaw.com


## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of December, 2015, a copy of the foregoing was filed electronically with this Court. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Robert King*
Robert King, Esq. (MD 07156)