IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN NANNI                        *
                                  *
                                  *
v.                                *
                                  *    Civil Action No. WMN-15-2570
ABERDEEN MARKETPLACE, INC.        *
                                  *
    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

**MEMORANDUM**

Plaintiff John Nanni seeks declaratory and injunctive

relief against Defendant Aberdeen Marketplace, Inc. for alleged

violations of Title III of the Americans with Disabilities Act

(ADA), 42 U.S.C. § 12181 et seq.  Before the Court is

Defendant's Motion to Dismiss Plaintiff's First Amended

Complaint.[1]  ECF No. 7.  That motion is ripe.  Upon review of the

motion and applicable case law, the Court finds that no hearing

is necessary, Local Rule 105.6, and that Defendant's Motion to

Dismiss will be granted.

Plaintiff, a resident of Middletown, Delaware, is a

qualified individual with a disability under the ADA.  Plaintiff

suffers from Post-Polio Syndrome; he is only able to walk and

stand a limited amount each day and is otherwise confined to a

wheelchair.  Defendant is the owner, lessee, lessor, and/or

---

[1] On August 31, 2015, Plaintiff filed his original Complaint.
ECF No. 1.  Defendant filed its first Motion to Dismiss on
October 19, 2015.  ECF No. 3.  Plaintiff filed an Amended
Complaint on November 5, 2015, ECF No. 5, mooting Defendant's
first Motion to Dismiss.

operator of a public accommodation, allegedly obligated to

comply with the ADA, known as Aberdeen Market Place Shopping

Center and located at 1010 Beards Hill Road, Aberdeen, Maryland,

21001.  The shopping center is near Interstate 95 and Plaintiff

travels that corridor "often on his way to Baltimore to attend

Baltimore sporting events, to visit with family and relatives in

the Baltimore and Washington DC area, and due to traveling to

events as a rotary PolioPlus ambassador/District 7630 chair."

ECF No. 5 at ¶ 10.  Plaintiff has visited the shopping center at

least 3-4 times to "stop to rest on drives and to take bathroom

breaks" and claims it "provides a perfect place for him."  Id.

While visiting the shopping center, Plaintiff experienced

difficulty accessing the goods and utilizing the services due to

the architectural barriers he encountered and/or observed,

including:

> A. inaccessible parking designated for disabled use
> throughout the property due to excessive slopes,
> pavement in disrepair and lack of proper access
> aisles, which caused him difficulty exiting and
> entering his vehicle because of extra care needed to
> avoid a fall;
>
> B. inaccessible curb ramps due to excessive slopes,
> steep side flares, failure to provide smooth
> transitions, and pavement in disrepair, which caused
> him difficulty due to the extra care needed to
> traverse the ramps;
>
> C. a dangerous sidewalk ramp due to excessive running
> slopes which caused him difficulty due to the extra
> care needed to traverse it; and

D. inaccessible routes throughout the Property due to excessive slopes and pavement in disrepair, which caused him difficulty due to the extra care needed to maneuver throughout the Property.

ECF No. 5 at ¶ 14.  Plaintiff alleges Defendant continues to discriminate against him by failing to make the reasonable modifications necessary for Plaintiff to participate in and benefit from the goods, services, facilities, privileges, advantages, and accommodations offered to the general public. Independent of his intent to return as a patron 2-3 times per year, Plaintiff intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.[2]

Defendant has filed a Motion to Dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF No. 7.  Based on the record as a whole, the Court is unable to conclude that Plaintiff has suffered a sufficiently particularized injury-in-fact to satisfy the case-or-controversy requirement of Article III, therefore, Defendant's Motion to Dismiss will be granted pursuant to Rule 12(b)(1).

Article III of the Constitution restricts the federal courts to hear only actual "cases" and "controversies."  U.S.

_____

[2] In ADA litigation, "a tester is a qualified individual with a disability who is testing an entity's compliance with federal disability statutes." Judy v. Pingue, No. 2:08-CV-859, 2009 WL 4261389, at *5 (S.D. Ohio Nov. 25, 2009).

Const. art. III, § 2.  In determining the power of the court to

entertain a suit, the "question is whether plaintiff has

'alleged such a personal stake in the outcome of the

controversy' as to warrant his invocation of federal-court

jurisdiction and to justify exercise of the court's remedial

powers on his behalf."  Warth v. Seldin, 422 U.S. 490, 498-499

(1975) (quoting Baker v. Carr, 369 U.S. 186, 204 (1962)).  To

satisfy the constitutional standing requirement, a plaintiff

must provide evidence to support the conclusion that 1) the

plaintiff suffered an "injury in fact," i.e., a concrete and

particularized, actual or imminent invasion of a legally

protected interest, 2) which is "fairly traceable" to the

challenged action of the defendant; and 3) likely to be

"redressed by a favorable decision."  Lujan v. Defenders of

Wildlife, 504 U.S. 555, 560-561 (1992).  "Abstract injury is not

enough." City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983).

In addition, when a plaintiff requests injunctive relief,

he "must allege and prove that there is a 'real and immediate

threat' that he will be wronged again."[3]  Daniels v. Arcade, 477

---

[3] "[T]he standing requirements for declaratory and injunctive
relief are essentially the same."  Gardner v. Montgomery Cty.
Teachers Fed. Credit Union, 864 F. Supp. 2d 410, 421 (D. Md.
2012); see, e.g., Nat'l All. for Accessibility, Inc. v. Millbank
Hotel Partners, Civil No. RDB-12-3223, 2013 WL 653955, at *6 (D.
Md. Feb. 20, 2013) ("Plaintiffs have failed to show anything
more than a mere possibility of future harm.  Therefore, they

Fed. App'x 125, 129 (4th Cir. 2012) (citing <u>Bryant v. Cheney</u>,

924 F.2d 525, 529 (4th Cir. 1991)).  This requirement means a

plaintiff must "state a plausible allegation that there is a

likelihood that he will suffer future harm," <u>Daniels</u>, 477 Fed.

App'x at 130, and that likelihood must be greater than a "mere

possibility."  <u>Nat'l All. for Accessibility, Inc. v. CMG</u>

<u>Bethesda Owner LLC</u>, Civil No. JFM-12-1864, 2012 WL 6108244, at

*4 (D. Md. Dec. 7, 2012).  Prior injury constitutes probative

"evidence bearing on whether there is a real and immediate

threat of repeated injury."  <u>Lyons</u>, 461 U.S. at 102.  But prior

injury itself is insufficient; the complaint must 1) "describe

[plaintiff's] concrete, specific plans to return to the locus of

the injury" and 2) "indicate that the plaintiff is likely to

suffer the same injuries upon return."  <u>Lujan</u>, 504 U.S. at 564;

<u>see also</u> <u>Millbank Hotel Partners</u>, 2013 WL 653955, at *4.

    Challenging only the first element of <u>Lujan</u>, "injury in

fact," Defendant maintains that Plaintiff has not demonstrated a

plausible intent to return or a sufficient likelihood of future

injury as necessary to permit this suit for declaratory and

injunctive relief to go forward.  ECF No. 7-1 at 5-8.  As stated

previously, Plaintiff alleges he plans "to visit the Property

---

have failed to demonstrate standing for both injunctive relief
and a declaratory judgment.").

again in December[4] on his way to Baltimore and expects to go to

the Property 2-3 times a year after that."  ECF No. 5 ¶ 10.

Plaintiff "additionally plans to return as an ADA tester."  Id.

at ¶ 19.  Plaintiff clearly stated his intent to return while

traveling on Interstate 95 and the Court has no reason to doubt

the veracity of his claim at this stage in the proceeding.  See

Daniels, 477 Fed. App'x at 130 ("We must accept this allegation

as true for purposes of the motion to dismiss.").  Thus,

Plaintiff's plan to return to the locus of the injury satisfies

the first element for injunctive relief.

The second element Plaintiff must establish is his

likelihood of suffering future harm at the shopping center.

Lujan, 504 U.S. at 564.  In Plaintiff's Complaint, he lists four

barriers encountered at the shopping center that caused him

difficulty and states he fears he will encounter these barriers

again upon return.  ECF No. 5 ¶ 14.  The Complaint does not

contain specific facts regarding Plaintiff's injury, but rather

alleges that he "personally encountered and/or observed" the

barriers and that the barriers "still exist and have not been

remedied".  ECF No. 5 at ¶¶ 14, 16.  In reviewing the

---

[4] In analyzing Plaintiff's plan to return, the Court need not
consider Plaintiff's allegation that he "plans to visit the
Property again in December," ECF No. 5 at ¶ 2, as that date "has
now come and gone," and so has the Plaintiff's immediate threat
of future harm as to that particular visit.  See CMG Bethesda
Owner LLC, 2012 WL 6108244, at *5.

plausibility of a plaintiff's threat of future injury, this
Court, in CMG Bethesda Owner LLC, observed the plaintiff's
allegations of personal encounters with "architectural barriers"
were too broad, and that the complaint did not sufficiently
describe which violations would cause harm to the plaintiff
during her next visit to the hotel.  2012 WL 6108244, at *4.
Further, in Millbank Hotel Partners, this Court found that
without specific facts surrounding the plaintiff's encounter
with noncompliant facilities, "and armed only with boilerplate
statements that certain violations of the ADA exist," a
complaint will fail to demonstrate more than a mere possibility
of future harm.  2013 WL 653955, at *5.  Plaintiff's Amended
Complaint is similar to the complaints in CMG Bethesda Owner LLC
and Millbank Hotel Partners, leaving the Court no choice but to
speculate as to the type of harm Plaintiff is likely to face on
his return to the shopping center.

Plaintiff's Amended Complaint is further deficient with
regard to future injury because the Court is left to wonder
which business within the shopping center is "the perfect place"
for Plaintiff to stop and rest while traveling on Interstate 95.
In Norkunas v. Park Road Shopping Center, Inc., the court found
a plaintiff who merely had "occasion to drive through the
region" on Interstate 77 could not credibly demonstrate a
likelihood of future harm due to his "tenuous connection" with

that region.  777 F. Supp. 2d 998, 1003-1004 (W.D.N.C. 2011).
As a passerby on Interstate 95 seeking to rest, Plaintiff's
connection to Defendant's shopping center is tenuous at best,
especially in light of the fact that there is another shopping
center directly across the street, Beards Hill Marketplace, and
numerous other rest stops located on Plaintiff's route.  See ECF
No. 10 at 3.  The Court takes judicial notice that Maryland
House Rest Area, located on Interstate 95 in Aberdeen, Maryland,
is less than five miles from Defendant's shopping center, and
further notes that this facility is in fact a rest area.  The
Court is unable to find more than a mere possibility of future
harm without any indication of the specific goods and services
at Defendant's shopping center that Plaintiff seeks out in his
travels, or a particular convenience at this center that is more
advantageous to Plaintiff than that available at the other
centers along his route.

As in Norkunas, this Court recognizes as plausible the
allegation that "Plaintiff may leave the [interstate] for the
express purpose of returning to Defendant's establishment to
confirm its ADA-compliance.  However, [] such a purpose is
insufficient to satisfy Article III standing."  777 F. Supp. 2d
at 1002 n.4.  A Title III plaintiff cannot use his "status as a
tester to satisfy the standing requirements where she would not
have standing otherwise."  Id. at 1005; see also Judy, 2009 WL

4261389, at *5 ("Any tester status that [the plaintiff] might

possess does not confer standing to seek prospective relief

where he cannot show a reasonable likelihood of returning to

[the defendant's] property.").  While testing an entity's

compliance with federal disability statutes is not improper, the

Court notes that Plaintiff has filed twelve substantially

similar complaints in the United States District Court for the

District of Maryland under Title III of the ADA within the last

year.[5]  The twelve complaints filed by Plaintiff in this Court

are not necessarily form templates, yet they are similar enough

to call into question the plausibility of Plaintiff's threat of

future injury at Defendant's shopping center.  Many of the

defendant properties are in the vicinity of Interstate 95.

While Plaintiff has characterized Aberdeen Market Place Shopping

Center, as "a perfect place for him," Plaintiff allegedly

patronizes these other properties as well.  ECF No. 5 at ¶ 10.

---

[5] See also, Nanni v. The Avenue at White Marsh Business Trust,
GJH-15-2571, (filed August 31, 2015); Nanni v. CH Realty VI/R
Bel Air Festival, L.L.C., ELH-15-2573 (filed August 31, 2015);
Nanni v. The Shops at Perryville, LLC, RDB-15-2574 (filed August
31, 2015); Nanni v. Ikea Property, Inc., RDB-15-3493, (filed
November 17, 2015); Nanni v. White Marsh Mall, LCC, JFM-15-3494,
(filed November 17, 2015); Nanni v. 8655 Pulaski Joint Venture
LLC, JFM-16-260, (filed January 28, 2016); Nanni v. Edgewater
Partnership Limited Partnership, JFM-16-265, (filed January 29,
2016); Nanni v. Gorfine Fiddle & Co., P.A., JKB-16-266, (filed
January 29, 2016); Nanni v. Toys "R" Us Property Company II,
LLC, JKB-16-727, (filed March 11, 2016); Nanni v. White Marsh
Plaza Business Trust, MJG-16-729, (filed March 11, 2016); and
Nanni v. Hawthorne, Inc., JKB-16-731, (filed March 11, 2016).

The aforementioned multitude of suits heightens the
appearance that the true reason behind Plaintiff's alleged
intent to return to Defendant's shopping center is to preserve
and cultivate this legal action and secure legal fees, as
suggested by Defendant.  ECF No. 10 at 2.  This Court is not
aware of "any authority showing that Title III of the ADA was
intended to create such broad rights against individual local
businesses by private parties who are not bona fide patrons, and
are not likely to be bona fide patrons in the future."  Harris
v. Stonecrest Care Auto Ctr., LLC, 472 F. Supp. 2d 1208, 1219
(S.D. Cal. 2007).  For the above-stated reasons, Defendant's
Motion to Dismiss will be granted.  A separate order will issue.


                              _____/s/_____
                              William M. Nickerson
                              Senior United States District Judge


DATED: May 4, 2016